UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


J.F.L. Enterprises and
Holdings, LLC, et al.

    v.                              Civil No. 04-314-JD

Town of New Boston, et al.


O R D E R

The plaintiffs, five individuals and two real estate development companies, bring claims against the town of New Boston, New Hampshire, and twelve individuals who are or have been active in town government.  The plaintiffs contend that the defendants have treated them unfairly in their efforts to develop property in New Boston and have given preferential treatment to others, in particular, to the Dodge family.  They allege that the defendants violated their rights to free speech and free association, to petition the government, to procedural due process, and to equal protection actionable under 42 U.S.C. § 1983; that the individual defendants engaged in racketeering activities in violation of the Racketeer Influenced and Corrupt Organizations Act, and that the defendants conspired to commit fraud and committed other state law torts.

The plaintiffs now move pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss their suit without prejudice.  In

support of their motion, the plaintiffs assert that relatively little substantive progress has been made in the case and that their former counsel "suddenly, unexpectedly and inexplicably gave notice of [his] withdrawal" leaving them unable to continue the case.  The defendants object to dismissal without prejudice, move to dismiss the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b), and seek an award of costs and fees incurred in defending this suit.  The plaintiffs object to dismissal with prejudice and to the defendants' request for an award of costs and fees.

The plaintiffs also move to strike the defendants' objection to their motion to dismiss on the ground that the defendants failed to submit affidavits to support their factual assertions in violation of Local Rule 7.1(a)(2).  That motion is denied.  To the extent the defendants' objection includes unsupported factual statements, those matters will not be considered by the court.

### Discussion

Pursuant to Rule 41(a)(2), the court may dismiss the plaintiffs' action without prejudice, at their request, "upon such terms and conditions as the court deems proper."  In deciding an opposed motion under Rule 41(a)(2), the court considers "the defendant's effort and expense of preparation for

trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." In re Urohealth Sys., Inc., 252 F.3d 504, 505 (1st Cir. 2001) (quoting Pace v. S. Express Co., 409 F.2d 331, 334 (7th Cir. 1969) with additional quotation marks omitted).  Rule 41(b) provides for involuntary dismissal, with prejudice, as a sanction for the plaintiffs' failure to prosecute their claims or failure to comply with the federal rules or a court order.

The circumstances of this case do not warrant sanctions under Rule 41(b).  Nevertheless, the progress of this case cautions against an unconditional dismissal without prejudice. The plaintiffs filed suit over a year ago.  The plaintiffs then sought injunctive relief, requiring a response from the defendants, and filed an amended complaint, requiring the defendants to file an answer to that complaint.  The court directed the plaintiffs to address standing and jurisdictional issues raised by the defendants in opposition to their motion for injunctive relief.  In their response, the plaintiffs changed course and directed their request for relief toward discovery. Their motion for injunctive relief was denied due to their failure to show that they had standing and that the court had

jurisdiction to grant the relief they sought outside of the discovery procedures provided in the federal rules.

The plaintiffs appealed the court's denial of their request for injunctive relief.  The pretrial conference scheduled for January 25, 2005, was continued and reset to April 12, 2005.  On February 28, 2005, the First Circuit Court of Appeals dismissed the appeal in response to the plaintiffs' motion for a voluntary dismissal.  No explanation has been provided for that action.

On March 1, 2005, the plaintiffs' counsel filed a notice of their withdrawal, and the court notified the plaintiffs that they were required to file appearances on their behalf, or pro se appearances for the individual plaintiffs, by March 23, 2005, or the action would be dismissed.  On March 23, 2005, the plaintiffs' counsel who had previously withdrawn filed an appearance on behalf of all of the plaintiffs except Louis Maynard.  Because Maynard failed to comply with the court's order to file an appearance, his claims were dismissed on March 29, 2005.  The remaining plaintiffs' counsel filed a notice of withdrawal on May 26, 2005, and the plaintiffs were again notified that they were required to file appearances, with a deadline of June 20, 2005.

On June 20, 2005, the plaintiffs' current counsel filed a notice of appearance that did not comply with the electronic

filing requirements.  Because the plaintiffs missed the filing deadline for an appearance of counsel, the court dismissed the action.  The order dismissing the case was vacated on June 29, 2005, after counsel's notice of appearance was properly filed.  The pretrial conference was scheduled for August 3, 2005.  On August 1, 2005, the plaintiffs filed the present motion to voluntarily dismiss their claims without prejudice.

The purpose of Rule 42(a)(2) "is to permit the plaintiff, with approval of the court, voluntarily to dismiss an action as long as no other party will be prejudiced."  Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000) (internal citation and quotation marks omitted).  The history of this case shows that it has remained pending with little progress for more than a year.  The delay is directly attributable to the plaintiffs.

The plaintiffs explain that they are forced to dismiss their action because their former counsel's withdrawal has "unduly prejudiced [their] ability to obtain a fair trial."  That explanation is not persuasive in light of the affidavit of Joseph Foistner, who is one of the plaintiffs, stating that the plaintiffs have spent four years on an investigation that has yielded 3,000 documents, sworn and videographed witness statements, and significant work product from the plaintiffs' original counsel in support of their claims.  Instead it appears

that the plaintiffs are not willing to spend additional money to retain counsel or to fund further litigation.

The defendants represent that they have expended considerable time and money in responding to the plaintiffs' complaint, motion for injunctive relief, and appeal.  Although the defendants have not filed a dispositive motion in this case and formal discovery has apparently not begun, based on the docket it appears that the defendants' counsel had to spend time in responding to the plaintiffs' pleadings and motions.  The defendants contend that they would be prejudiced if the plaintiffs' claims were dismissed without prejudice.  They also seek an award of costs and fees incurred to date in this litigation.

Given the obvious prejudice to the defendants, it would be inappropriate to dismiss the case without prejudice unless the plaintiffs reimbursed the defendants for their costs and fees. On the other hand, if the case were dismissed with prejudice, the defendants would have a final adjudication on the merits without the possibility of further litigation.  Therefore, the case will be  dismissed without prejudice subject to the condition that the plaintiffs reimburse the defendants for their reasonable attorneys' fees and costs incurred in this litigation within forty-five days of the date of this order.  If the plaintiffs

fail to comply with that condition, the case will be dismissed <u>with</u> <u>prejudice</u>.

## Conclusion

For the foregoing reasons, the plaintiffs' motion to strike (document no. 63) is denied.  The defendants' motion to dismiss (document no. 61) is granted as to an award of attorneys' fees and costs and is otherwise denied.  The plaintiffs' motion to dismiss (document no 57) is granted in part as to a dismissal without prejudice that is, however, it shall be subject to the condition of such dismissal that the plaintiffs reimburse the defendants for their reasonable attorneys' fees and costs incurred in this litigation within forty-five days of the date of this order, failing which the case will be dismissed <u>with</u> <u>prejudice</u>.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

September 8, 2005

cc: Charles P. Bauer, Esquire
    Gordon R. Blakeney, Jr., Esquire
    Stephen A. Duggan, Esquire
    John Paul Kacavas, Esquire
    David L. Nixon, Esquire
    R. Peter Taylor, Esquire